# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MATTHEW JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-345 |
| | ) | |
| GEORGIA STATE POLICE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Matthew Jones has filed a complaint alleging that he was sexually abused in 2000 by multiple law enforcement agencies between his home in Delaware, his aunt's church in Georgia, and their return to Delaware. *See* doc. 1 at 1-4. As a result of the alleged serial abuse he suffered multiple "deaths," and "[t]o resurrect [him] from the dead each time, a 250 year old tree needed to be converted into medicine as well as the plants that only grow around them." *Id.* at 4. As explained below, it is clear from both the fantastical allegations, as well as Jones' extensive litigation history, that his Complaint is frivolous. Since he appears to lack the funds to pay the Court's filing fee, his request to

proceed *in forma pauperis* is **GRANTED**.  Doc. 2.  However, his Complaint should be **DISMISSED** as frivolous.  Doc. 1.

The Supreme Court has explained that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Although dismissal where a defendant has not filed an answer is not preferred, it is permissible where the complaint is "patently frivolous." *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties."); *Rosetta v. United States*, 2017 WL 4415674, at *1-2 (S.D. Ga. Aug. 29, 2017), *adopted* 2017 WL 4391720 (S.D. Ga. Sept. 29, 2017) ("[T]he Court has an obligation to dismiss any complaint that is factually and legally frivolous.").

The Supreme Court has further explained that the statute authorizing proceedings *in forma pauperis* gives the Court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490

U.S. at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (*en banc*). Jones' Complaint is a paradigm of the kind of frivolous filing this Court can, and indeed must, protect itself against.

As summarized above, Jones alleges that he was forcibly transported through Delaware, Maryland, Virginia, North Carolina, South Carolina, Georgia, Florida, Alabama, Mississippi, Louisiana, Texas, Arkansas, Tennesseee, Kentucky, West Virginia, Maryland, and back to Delaware, and he was frequently and routinely violently sexually assaulted by law enforcement officials in each state. *See* doc. 1 at 1-4. While the Court does not take such allegations lightly, the sheer scope of the allegations, coupled with his subsequent allegation of multiple resurrections from the dead by magical means, *id.* at 4, cast them in a light different from other allegations of sexual violence.

Although the Complaint itself betrays that it is the product of a deeply troubled psyche, its character is confirmed by a review of Jones' filing history. The earliest case that the Court can identify filed by "Matthew N. Jones," with the same address as Plaintiff, dates to 2015. *See Jones v. Delaware Techincal & Community College*, 1:15-cv-00198-RGA, doc. 2 (D. Del. Mar. 3, 2015). The allegations in that Complaint are disturbing, if not manifestly frivolous. *Id.* at 4-6. Given his subsequent filings, however, those early allegations are portentous. The Honorable Richard G. Andrews noted that a 2020 case Jones filed was "yet another lawsuit Plaintiff has filed following an involuntary hospitalization in November 2017." *Jones v. Deputy Attorney General Valerie Farnan*, 1:20-cv-00818-RGA, doc. 5 at 2 (D. Del. Nov. 4, 2020). The District of Delaware's docket notes forty "related cases," all filed by Jones. *See generally* 1:20-cv-00818-RGA (D. Del.) docket. A search of the United States Courts' Public Access to Court Electronic Records system ("PACER") shows that Jones has filed thirty-two cases across multiple districts in this year alone.[1] The United States District Court for the

---

[1] *See Jones v. Vermont State Police,* 2:23-cv-00018-wks (D. Vt. Jan. 23, 2023); *Jones v. Town of Bennington Police Department*, 2:23-cv-00019-wks (D. Vt. Jan. 23, 2023); *Jones v. Lamoille Cnty. Sheriff's Dept.*, 2:23-cv-00020-wks (D. Vt. Jan. 26, 2023); *Jones v. Vermont State Police*, 2:23-cv-00021-wks (D. Vt. Jan. 26, 2023); *Jones v. Shah*, 1:23-

4

District of New Hampshire summarized the factual allegations in one of those Complaints as follows:

> The four-page, single-spaced factual narrative in Mr. Jones's complaint is disjointed and, at times, incoherent. He alleges that he has been 'murdered' multiple times beginning in 1986, having been removed from his mother's body after her murder. He also alleges that he has been forced into prostitution since he was two years old and forced to drink motor oil and bleach. During an unspecified time period, Mr.

---

cv-00925-RGA (D. Del. Aug. 23, 2023); *Jones v. Chidiak*, 1:23-cv-00998-RGA (D. Del. Sept. 8, 2023); *Jones v. Avalon Police Department*, 1:23-cv-20981-KMW-SAK (D.N.J. Oct. 6, 2023); *Jones v. Trenton New Jersey Police Department*, 3:23-cv-21173-MAS-JBD (D.N.J. Oct. 13, 2023); *Jones v. Ridgefield New Jersey Local Police Department*, 3:23-cv-21260-MAS-JBD (D.N.J. Oct. 17, 2023); *Jones v. Philadelphia Police Department*, 2:23-cv-04186-MAK (E.D. Pa. Oct. 25, 2023); *Jones v. Greene County Sheriff's Department*, 1:23-cv-01305-GTS-DJS (N.D.N.Y. Oct. 25, 2023); *Jones v. N.Y.P.D.*, 1:23-cv-09515-UA (S.D.N.Y. Oct. 25, 2023); *Jones v. F M Dill Farms*, 1:23-cv-02928-GLR, doc. 1 at 1-2 (D. Md. Oct. 26, 2023) ("*Complaint-* The Police coloured Brown Black Americans who have filled every second of every minute of every hour of every day of every week of every month of every year of every decade of my life with murderous threats, disease contagion, and ilsoation from all but their race begin their travels here in groups of eighty each from Dill Farms in Maryland every day."); *Jones v. N.Y.P.D.*, 1:23-cv-08101-PKC-CLP (E.D.N.Y. Oct. 26, 2023); *Jones v. RI State Police*, 1:23-cv-00446-MSM-PAS (D.R.I. Oct. 27, 2023); *Jones v. New Haven CT, P.D.*, 3:23-cv-01415-VDO (D. Conn. Oct. 27, 2023); *Jones v. PA State Police Dept. Troop B*, 2:23-cv-01868-CB-CRE (W.D. Pa. Oct. 30, 2023); *Jones v. Orange Texas Police Department,* 6:23-cv-00605-JCB-KNM (E.D. Tex. Dec. 4, 2023); *Jones v. Mississippi Highway Patrol*, 3:23-cv-03122-DPJ-FKB (S.D. Miss. Dec. 4, 2023); *Jones v. Tampa Bay Police*, 2:23-cv-01127-JLB-KCD (M.D. Fla. Dec. 4, 2023); *Jones v. Miami Police*, 1:23-cv-24583-BB (S.D. Fla. Dec. 4, 2023); *Jones v. State Police Department*, 1:23-cv-03310-MJM (D. Md. Dec. 4, 2023); *Jones v. Delaware State Police*, 1:23-cv-01379-RGA (D. Del. Dec. 4, 2023); *Jones v. Arkansas State Police,* 4:23-cv-01144-JM (E.D. Ark. Dec. 4, 2023); *Jones v. State Police Department*, 2:23-cv-00017-TSK-MJA (N.D. W. Va. Dec. 4, 2023); *Jones v. South Carolina State Police*, 4:23-cv-06265-RBH-KDW (D.S.C. Dec. 5, 2023); *Jones v. Florida State Police*, 4:23-cv-00519-RH-MJF (N.D. Fla. Dec. 5, 2023); *Jones v. North Carolina State Police*, 7:23-cv-01659-BO-RJ (E.D.N.C. Dec. 5, 2023); *Jones v. Ohio State Patrol*, 1:23-cv-00794-MWM-KLL (S.D. Ohio Dec. 5, 2023); *Jones v. Maryland State Police*, 1:23-cv-03311-JRR (D. Md. Dec. 5, 2023); *Jones v. Andalusia Police*, 1:23-cv-00459-KD-B (S.D. Ala. Dec. 5, 2023); *Jones v. Perryville Police*, 5:23-cv-00332-KKC (E.D. Ky. Dec. 5, 2023).

> Jones alleges that he was in the care of crack addicts who brought him to New Hampshire, where he was raped and assaulted by 'state and local police' in Loudon, new Hampshire, as well as Massachusetts and Connectiut.

*Jones v. New Hampshire State Police, Troop E*, 1:23-cv-00053-LM, doc. 4 at 2 (D.N.H. April 10, 2023). The Court's limited review of Jones' filings removes any doubt that he is a mentally-ill serial litigant.

Accordingly, Jones' Complaint should be **DISMISSED** as frivolous. Doc. 1. Moreover, this Court, like the District of Vermont "notes that, in light of his history of multiplicitous litigation, Mr. Jones [is] warned that future frivolous filings in this court may result in a filing injunction." 2:23-cv-00018-wks, doc. 8 at 3 (D. Vt. May 8, 2023).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDATION,** this 11th day of December, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA